# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 89

APRIL TERM, A.D. 2026

August 10, 2026

WILLIAM L. LOPEZ,

Appellant
(Defendant),

v.

SAMANTHA RITTER,

Appellee
(Plaintiff).

S-25-0295

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Justin C. Mankin and Zachary A. Musgrove, Montgomery | Amatuzio, Denver, Colorado. Argument by Mr. Musgrove.

*Representing Appellee:*
Jeremy J. Hugus and Benjamin Scherner, Platte River Injury Law, Casper, Wyoming. Argument by Mr. Hugus.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Several years after a January 2015 car accident, Samantha Ritter sued William Lopez.  Ms. Ritter served Mr. Lopez via the nonresident motorist statute, Wyo. Stat. Ann. § 1-6-301, and the district court granted default judgment in favor of Ms. Ritter.  Mr. Lopez appeals, arguing Ms. Ritter failed to perfect service because she did not exercise due diligence prior to attempting service under the statute.  Mr. Lopez also contends service violated due process, contests the district court's reinstatement of the matter after an initial dismissal without prejudice for failure to prosecute, and claims the district court abused its discretion when it denied his Wyoming Rule of Civil Procedure 60 (Rule 60) motion seeking relief from the default judgment.  We affirm.

## *ISSUES*

[¶2]    We rephrase the issues:

1. Did Mr. Lopez waive his arguments that service under Wyo. Stat. Ann. § 1-6-301 was not perfected and that such service violated due process?

2. Did Ms. Ritter exercise sufficient due diligence to invoke substituted service under Wyo. Stat. Ann. § 1-6-301?

3. Did the district court lack personal jurisdiction over Mr. Lopez when it granted default judgment to Ms. Ritter?

4. Does this Court have jurisdiction to consider whether the district court erred in granting Ms. Ritter's Rule 60 motion and reinstating the case after it was dismissed without prejudice?

5. Did the district court abuse its discretion when it denied Mr. Lopez's Rule 60 motion?

## *FACTS*

**A.    Procedural History**

[¶3]    Four years after a January 2015 car accident in Gillette, Wyoming, Ms. Ritter sued Mr. Lopez.  Ms. Ritter asked the Campbell County Sheriff's Office to serve Mr. Lopez at the address identified in the accident report.  Deputies from the Campbell County Sheriff's Office unsuccessfully attempted service at that address and then advised Ms. Ritter that the property was vacant.  Ms. Ritter attempted substituted service using the nonresident

1

motorist statute, Wyo. Stat. Ann. § 1-6-301(a), which requires filing the complaint and summons with the Secretary of State and mailing copies to the defendant's last known address.

[¶4]   On May 1, 2019, copies of the summons and complaint were mailed to Mr. Lopez at the vacant address.  Ms. Ritter filed a copy of the Secretary of State's notice of service, along with an affidavit of compliance with the statute from Ms. Ritter's attorney (the May 23, 2019 Affidavit) with the district court.[1]  Mr. Lopez did not file an answer, and Ms. Ritter requested entry of default.  After receiving Ms. Ritter's proposed entry of default, the district court sent her counsel a letter pointing out that he had failed to file a motion formally seeking entry of default.  It also raised a "more substantive concern" that substitute service under the nonresident motorist statute requires "further explanation of the attempts made by Plaintiff to locate Defendant and to achieve personal service [and concluded] this court believes a diligent search for a defendant must be evidenced before the court should permit service under § 1-6-301."  Counsel for Ms. Ritter filed a motion seeking entry of default and a declaration detailing his efforts to locate Mr. Lopez (the March 30, 2020 Declaration).  The motion stated:

> 2.      On February 8, 2019, the Campbell County Sheriff's Office unsuccessfully attempted to effect personal service on [Mr. Lopez] at the address listed on the accident report, . . . but returned the *Summons* and *Complaint and Jury Demand* unserved after being advised that the residence is vacant. . . .
>
> 3.      Pursuant to Wyo. Stat. § 1-6-301, [Ms. Ritter's] counsel served the Wyoming Secretary of State with the *Summons* and the *Complaint and Jury Demand* on April 30, 2019. . . .
>
> 4.      On May 1, 2019, the Wyoming Secretary of State then mailed a copy of the same to [Mr. Lopez's] last known address by Certified Mail, thereby effecting service on Defendant pursuant to Wyo. Stat. § 1-6-301. . . .

---

[1] In pertinent part, the May 23, 2019 Affidavit avers:
> 4.  The Campbell County Sheriff's Department attempted to serve the *Summons* and the *Complaint and Jury Demand* upon Defendant William Lopez on several occasions and was unsuccessful.
> 5.  Pursuant to Wyo. Stat. § 1-6-301, [Ms. Ritter's] counsel served the Wyoming Secretary of State with the *Summons* and the *Complaint and Jury Demand* on April 30, 2019. . . .
> 6.  On May 1, 2019, the Wyoming Secretary of State then mailed a copy of the same to Defendant's last known address by Certified Mail.

5.       [Ms. Ritter's] counsel made subsequent attempts to contact [Mr. Lopez] by phone and locate [Mr. Lopez's] whereabouts but was unable to speak with or locate [Mr. Lopez].

The March 30, 2020 Declaration identified identical steps. The clerk entered default on April 17, 2020. The matter sat idle until, on December 13, 2021, the district court issued a notice warning that dismissal for failure to prosecute was imminent. On September 8, 2023, the district court dismissed the action without prejudice.

[¶5]    On September 15, 2023, Ms. Ritter filed a Rule 60 motion seeking relief from the dismissal. The district court granted the motion and reinstated the case on November 27, 2023. The district court then held a hearing on Ms. Ritter's motion for entry of default judgment and entered default judgment in favor of Ms. Ritter and awarding damages of $154,661.25.

[¶6]    Mr. Lopez filed a Rule 60 motion seeking relief from the default judgment. After a hearing, the district court denied the motion. Mr. Lopez timely appealed.

## B.    W.R.A.P. 3.03 Statement of the Evidence

[¶7]    The Rule 60 hearings before the district court were not recorded. Pursuant to W.R.A.P. 3.03, Mr. Lopez submitted a proposed statement of evidence. Ms. Ritter objected to Mr. Lopez's statement and submitted her own. The district court accepted Ms. Ritter's statement of the evidence and proceedings as "consistent with the Court's understanding and recollection of both [Rule 60] hearings" and entered an order settling the evidence. The following facts are taken from the order which adopted Ms. Ritter's statement of the evidence:

- At the February 21, 2024 hearing on Ms. Ritter's motion for entry of default judgment, the following evidence was adduced:

  o The [May 23, 2019 Affidavit] submitted by Ms. Ritter's attorney did not comprehensively list the efforts made to locate Mr. Lopez for personal service.

  o The Campbell County Sheriff attempted service at Mr. Lopez's last known address multiple times between January 29, 2019, and February 8, 2019.

  o The Sheriff ultimately learned the location was believed to be vacant and the person providing that information to the Sheriff had no additional information as to Mr. Lopez's whereabouts.

3

- No forwarding address for Mr. Lopez was available from the United States Postal Service.

- Prior to perfecting service through the Wyoming Secretary of State's office, Ms. Ritter attempted to locate an updated physical address through Mr. Lopez's insurer, but the insurer either did not have, or was unwilling to provide, that information.

- Prior to perfecting service through the Wyoming Secretary of State's office, Ms. Ritter made phone calls to Mr. Lopez's last known phone number and requested an updated physical address. Those calls were unanswered or not returned.

- Prior to perfecting service through the Wyoming Secretary of State's office, Ms. Ritter's attorney hired a person search service to locate Mr. Lopez. A likely match was found in West Valley City, Utah, but that individual was not the defendant in this case.

- Mr. Lopez's statement that "In various affidavits, [Ms. Ritter's] counsel admitted that he made no efforts to locate [Mr. Lopez] until after attempting substitute service through the non-resident motorist statute" is "an inaccurate reading and interpretation." In fact:

  - Attempts were made to obtain Mr. Lopez's address from his insurance company prior to seeking to perfect service through the Wyoming Secretary of State. None of those attempts were successful.

  - Ms. Ritter attempted to reach Mr. Lopez by telephone before and after contacting the Wyoming Secretary of State. None of those attempts were successful.

  - All failed attempts to locate Mr. Lopez predated the entry of default.

- At the April 23, 2025 hearing on Mr. Lopez's Rule 60 motion to set aside the default, the district court orally ruled that Mr. Lopez "lacked involvement throughout the entirety of the legal proceedings and failed to show sufficient cause or excusable neglect to justify relief" and denied Mr. Lopez's motion.

- At the April 23, 2025 hearing on Mr. Lopez's Rule 60 motion to set aside the default, Mr. Lopez limited his arguments to Rules 60(b)(1) and (6). No argument was made in briefing or at the hearing regarding lack of personal jurisdiction or defective service.

4

## DISCUSSION

### I. Did Mr. Lopez waive his arguments that service under Wyo. Stat. Ann. § 1-6-301 was not perfected and that such service violated due process?

[¶8]    Mr. Lopez raises two arguments concerning service.  In his first, he argues Ms. Ritter failed to exercise due diligence before attempting to perfect service under the nonresident motorist statute.  Second, he contends service under Wyo. Stat. Ann. § 1-6-301 violated due process when Ms. Ritter mailed the complaint to an address she knew was vacant.  Ms. Ritter contends Mr. Lopez waived those issues and arguments because he did not raise them below.

> This Court will "not consider an issue raised for the first time on appeal."  *Borja v. State*, 2023 WY 12, ¶ 24, 523 P.3d 1212, 1218 (Wyo. 2023) (citing *Rogers v. State*, 2021 WY 123, ¶ 14, 498 P.3d 66, 70 (Wyo. 2021)).  "This rule holds true 'whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court.'"  *Davis v. State*, 2018 WY 40, ¶ 32, 415 P.3d 666, 678 (Wyo. 2018) (quoting *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016)).  "Parties are bound by the theories they advance below because it is 'not appropriate for this Court to reverse a district court ruling on grounds that were never presented to it.'"  *Rogers*, 2021 WY 123, ¶ 14, 498 P.3d at 70 (quoting *Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014)).

*Kessel v. State*, 2023 WY 120, ¶ 11, 539 P.3d 406, 409 (Wyo. 2023).

[¶9]    Mr. Lopez did not timely raise either Ms. Ritter's exercise of due diligence under the nonresident motorist statute or whether service at a known vacant address under that statute violates due process.  Service is referenced only twice in the record—once in the district court's order settling the evidence and once in Mr. Lopez's Rule 60 motion.

[¶10] The first reference in Mr. Lopez's Rule 60 motion states "[I]n this case, by all accounts, Mr. Lopez was never *actually* served.  While he may [have] been *legally* served, he apparently was never on notice to get in touch with his insurance company . . . so they could retain counsel to defend against the lawsuit."  (Second emphasis added.)  This statement appears to concede he was "*legally*" served under the nonresident motorist statute.  Mr. Lopez's motion is silent on any failure to comply with the statute, does not raise a lack of due diligence, and does not mention due process.

5

[¶11]  The second mention of service in the record is in the order settling the evidence pursuant to W.R.A.P. 3.03, which establishes that evidence of Ms. Ritter's diligence in locating Mr. Lopez prior to service under the nonresident motorist statute was introduced at the default hearing.  Sufficiency of service was not raised at the hearing on Mr. Lopez's motion to set aside the default.  *Supra* ¶ 7.  From the Rule 3.03 order, we glean that Mr. Lopez did not orally argue due diligence or due process at the hearing on his motion to set aside default.

[¶12]  There are two exceptions to the general rule that we do not review issues raised for the first time on appeal.  We will consider issues if they are jurisdictional or if they are of such a fundamental nature that they require our consideration.  *State v. Cole*, 2026 WY 19, ¶ 23, 583 P.3d 1204, 1211 (Wyo. 2026) (quoting *Stevens v. Governing Body of Town of Saratoga*, 2025 WY 35, ¶ 62, 566 P.3d 166, 180 (Wyo. 2025) (quoting *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016))).

[¶13]  The question of whether Ms. Ritter exercised the due diligence required to perfect service under the nonresident motorist statute is jurisdictional.  *See Hopeful v. Etchepare, LLC*, 2023 WY 33A, ¶¶ 44, 63, 528 P.3d 414, 427, 433 (Wyo. 2023) (Ineffective service by publication "did not achieve personal jurisdiction over" the defendants.); *Midway Oil Corp. v. Guess*, 714 P.2d 339, 342 (Wyo. 1986) ("[T]he service of process is the basis upon which jurisdiction is obtained[.]"); *Pease Bros. v. Am. Pipe & Supply Co.*, 522 P.2d 996, 1000 (Wyo. 1974) ("It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.").  We address it below.

[¶14]  The claim that service at a known vacant address violated due process is not jurisdictional, and it is not of such a fundamental nature that we must consider it.  It assumes the statutory requirements were met but asserts that mailing notice to an address Ms. Ritter knew was vacant was so unlikely to give actual notice that it was constitutionally unfair.  A constitutional fairness challenge is not a jurisdictional defect.  To the extent the argument overlaps with the question of due diligence and the validity of service under the statute, we address those issues below.  We otherwise decline to reach the pure due process claim.  *See, e.g.*, *Ropken v. YJ Constr., Inc.*, 2025 WY 131, ¶ 36, 580 P.3d 1042, 1051–52 (Wyo. 2025) (declining to consider due process claim raised for the first time on appeal); *Crofts*, ¶¶ 16–25, 367 P.3d at 623–25 (concluding appellant waived question of whether her employment termination violated due process when she did not raise it below); *In re Guardianship of Lankford*, 2013 WY 65, ¶¶ 29–30, 301 P.3d 1092, 1101 (Wyo. 2013) (declining to "address newly raised issues that present constitutional questions where nothing more is shown to compel the Court's review").

**II.      *Did Ms. Ritter exercise sufficient due diligence to invoke substituted service under Wyo. Stat. Ann. § 1-6-301?***

6

[¶15]  Mr. Lopez argues he was not properly served under the nonresident motorist statute because Ms. Ritter did not exercise the required due diligence to locate him before invoking the statute.  "Where the facts of service are not in dispute, the issue of adequate service of process is a matter of law and is reviewed *de novo*."  *Dirks v. Jimenez*, 2015 WY 36, ¶ 7, 344 P.3d 262, 264 (Wyo. 2015).

[¶16]  Wyoming's nonresident motorist statute provides a mechanism to serve process on nonresident motorists:

> The use and operation of a motor vehicle on any street or highway within Wyoming by any person upon whom service of process cannot be made within Wyoming either personally or by service upon a duly appointed resident agent is deemed an appointment of the secretary of state of Wyoming as the operator's lawful attorney upon whom may be served all legal processes in any proceeding against him, or his personal representative if he be deceased, due to damage or injury to person or property resulting from the operation of a motor vehicle on the streets or highways within this state.  Such operation constitutes the operator's agreement that any process served in any action against him or his personal representative has the same legal force and validity as if served upon him or his personal representative personally within this state.  **Service shall be made by serving a copy of the process upon the secretary of state or by filing such copy in his office**, together with payment of a fee of ten dollars ($10.00).  Within ten (10) days after the date of service, **notice of such service and a copy of the process shall be served upon the defendant or his personal representative either personally or by certified mail addressed to the last known address of the defendant or his personal representative**.  The plaintiff shall file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement.

Wyo. Stat. Ann. § 1-6-301(a) (LexisNexis 2025) (emphasis added).  "The duty to show compliance with a substituted service statute [such as the nonresident motorist statute] rests with the plaintiff attempting such service."  *Dirks*, ¶ 10, 344 P.3d at 265 (quoting *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 234–35 (Wyo. 1992)).  "Since the service of process is the basis upon which jurisdiction is obtained . . . strict compliance with the statute is required."  *Midway*, 714 P.2d at 342.

7

[¶17]   Wyo. Stat. Ann. § 1-6-301(a) implicitly requires a plaintiff to make a diligent effort to locate an absent defendant before service becomes available under the statute.  *Dirks*, ¶ 11, 344 P.3d at 265 (quoting *Colley v. Dyer*, 821 P.2d 565, 567 (Wyo. 1991)).

> The diligence to be pursued and shown . . . is that which is reasonable under the circumstances and not all possible diligence which may be conceived.  Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address . . . of the person on whom service is sought. . . . Due diligence must be tailored to fit the circumstances of each case.  It is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so.

*Colley*, 821 P.2d at 568 (quoting *Carlson v. Bos*, 740 P.2d 1269, 1277 n.13 (Utah 1987)); *see also Dirks*, ¶ 11, 344 P.3d at 265 (quoting *Colley*, 821 P.2d at 568).

[¶18]   We have considered a number of facts in determining whether a plaintiff acted with due diligence to locate a defendant prior to attempting service under the nonresident motorist statute.  For example, we have queried whether the plaintiff spoke to friends and family, hired an investigator to aid in service, conducted internet searches, contacted prior counsel if the defendant had been represented in the past, and examined documents that might contain address information.  *See, e.g.*, *Dirks*, ¶ 12, 344 P.3d at 265; *Colley*, 821 P.2d at 568; *Estrada v. Bukaty*, No. 14-CV-242-R, 2015 WL 13081186, at *4 (D. Wyo. June 1, 2015).  These items are not inclusive and are certainly not required in every case. Due diligence is a fact-specific inquiry.

[¶19]   Mr. Lopez argues Ms. Ritter "made no effort to locate" him and she relied solely on the accident report to establish Mr. Lopez's last known address.  Citing to statements made in the March 30, 2020 motion and attached declaration, *supra* ¶ 4, Mr. Lopez contends that after Ms. Ritter was informed by the Campbell County Sheriff's Office that the address for Mr. Lopez listed in the accident report was vacant, she conducted no further investigation before proceeding under the nonresident motorist statute.  Mr. Lopez asserts Ms. Ritter "did not hire an investigator," and "did not attempt to contact [Mr. Lopez] or anyone else who might have known his whereabouts until after invoking" substitute service via the nonresident motorist statute.

[¶20]   The district court's order settling the evidence refutes Mr. Lopez's assertions.  It provides that the affidavits of Ms. Ritter's counsel were not "comprehensive" and that interpreting them to mean efforts began only after substitute service would be "inaccurate." It details the following efforts made to locate Mr. Lopez: (1) Between January 29 and February 8, 2019, the Campbell County Sheriff attempted personal service multiple times at Mr. Lopez's last known address, but the residence was determined to be vacant, and no

one could provide a new address. (2) Attempts were made to obtain a physical address from the United States Postal Service, but it had no address or forwarding address for Mr. Lopez. (3) Before perfecting service via the nonresident motorist statute, Ms. Ritter sought an updated address from Mr. Lopez's insurance company but was unable to obtain one. (4) Before perfecting service via the nonresident motorist statute, Ms. Ritter made phone calls to Mr. Lopez's last known phone number to request an updated address, but the calls went unanswered or were not returned. (5) Before perfecting service via the nonresident motorist statute, Ms. Ritter's attorney retained a person-search service, which identified a potential match in West Valley City, Utah, but that individual was not the defendant.

[¶21] These settled facts create an insurmountable hurdle for Mr. Lopez. Given this record, we conclude that the steps Ms. Ritter took were sufficient to satisfy the due diligence prerequisite to substitute service under Wyo. Stat. Ann. § 1-6-301.

### III. Did the district court lack personal jurisdiction over Mr. Lopez when it granted default judgment to Ms. Ritter?

[¶22] Mr. Lopez argues the district court erred when it denied his Rule 60 motion for relief from default judgment. He claims he was entitled to relief from the default judgment because the district court lacked personal jurisdiction over him when it was entered. The question of whether Mr. Lopez was properly served is dispositive of Mr. Lopez's challenge to personal jurisdiction. *See Hopeful*, ¶ 29, 528 P.3d at 423 ("The proper service of process is necessary to acquire [personal] jurisdiction under the due process provisions of both the federal and Wyoming constitutions." (citations omitted)). Because we determined Mr. Lopez was properly served, *supra* ¶¶ 15–21, we conclude the district court had personal jurisdiction when it granted default judgment in favor of Ms. Ritter.

### IV. Does this Court have jurisdiction to consider whether the district court erred in granting Ms. Ritter's Rule 60 motion and reinstating the case after it was dismissed without prejudice?

[¶23] Mr. Lopez asserts the district court erred when it granted Ms. Ritter's Rule 60 motion and reinstated the case after dismissing the action without prejudice. Mr. Lopez contends reinstating the case was contrary to the savings statute, which provides:

> If in an action commenced in due time . . . if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the . . . failure, the plaintiff . . . may commence a new action within one (1) year after the date of the failure . . . .

Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2025). Mr. Lopez contends that by the time the district court dismissed the complaint, the statute of limitations had expired. He asserts

that Ms. Ritter's only recourse was to invoke the savings statute and refile her complaint within one year—which she failed to do. Accordingly, he argues *Ms. Ritter's* Rule 60 motion was an end run around the savings statute.

[¶24] Ms. Ritter counters this Court lacks jurisdiction over this issue because Mr. Lopez did not challenge the district court's reinstatement order in *his* Rule 60 motion and his notice of appeal does not designate the reinstatement order as an order from which an appeal is taken. We agree.

[¶25] Under our appellate rules, an appellant must "[i]dentify the judgment or appealable order, or designated portion appealed" in his notice of appeal, W.R.A.P. 2.07(a)(2), and attach to the notice an appendix "which shall list . . . [a]ll orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party[.]" W.R.A.P. 2.07(b)(2). We have explained,

> "[t]he timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional." To comply with W.R.A.P 2.07(a)(2), a party's notice of appeal must "'identify the judgment or appealable order' being appealed." *EOG Res. Inc., v. JJLM Land, LLC*, 2022 WY 162, ¶ 41, 522 P.3d 605, 616 (Wyo. 2022) (citing *Painovich v. Painovich*, 2009 WY 116, ¶ 11, 216 P.3d 501, 504 (Wyo. 2009)). "A notice of appeal 'only perfects an appeal of the order(s) identified in the notice.'" *Id.* (quoting *Evans v. Moyer*, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012)). If an order is not properly identified in the notice of appeal, this Court is "without jurisdiction" to review it. *Id.* at ¶¶ 41–43, 522 P.3d at 616–17.

*Am. Collection Sys., Inc. v. Judkins*, 2024 WY 66, ¶ 7, 550 P.3d 549, 554 (Wyo. 2024). In *American Collection Systems*, we held that when a notice of appeal only provides notice of an intent to appeal a post-judgment order and not the underlying judgment, we have no jurisdiction to consider claims or arguments related to the underlying judgment. *Id.* ¶ 10, 550 P.3d at 555.

[¶26] Here, Mr. Lopez's notice of appeal did not designate the reinstatement order. It only sought relief from the order denying his post-judgment Rule 60 motion. His notice of appeal states, "Defendant [Mr. Lopez] is appealing the *Order Denying Defendant's W.R.C.P. Rule 60 Motion for Relief*, entered on September 2, 2025." The appendix to Mr. Lopez's notice of appeal does not list the reinstatement order. Mr. Lopez's Rule 60 motion did not challenge the reinstatement order. The order denying his Rule 60 motion—the only order identified in his notice of appeal—did not address the propriety of the reinstatement order. We cannot infer from his notice of appeal that Mr. Lopez intended to appeal the reinstatement order. Mr. Lopez did not raise the question in his Rule 60 motion or at the

hearing on that motion. *Supra* ¶ 7. Accordingly, the question whether the district court erred when it reinstated the case after dismissing the action without prejudice is not properly before this Court. We lack jurisdiction to consider it. *Am. Collection Sys.*, ¶ 9, 550 P.3d at 554; *see also EOG Res., Inc. v. JJLM Land, LLC*, 2022 WY 162, ¶ 43, 522 P.3d 605, 617 (Wyo. 2022) ("Without a notice of appeal identifying the district court's denial of EOG's Rule 59(e) motion, we are without jurisdiction to review that denial."); *Woodward v. Valvoda*, 2021 WY 5, ¶ 35, 478 P.3d 1189, 1202 (Wyo. 2021) ("Ms. Woodward's notice of appeal did not identify an order denying her Rule 60(b) motion, which it must for this Court to have jurisdiction over it.").

## V. Did the district court abuse its discretion when it denied Mr. Lopez's Rule 60 motion?

[¶27] Mr. Lopez argues the district court abused its discretion when it denied his Rule 60 motion to set aside the entry of default and default judgment.

[¶28] W.R.C.P. 55(c) provides that "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides:

### Rule 60. Relief from a Judgment or Order.

. . .

(b) *Grounds for Relief from a Final Judgment, Order, or Proceeding.* – On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

11

(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

[¶29]   "[T]he factors described in Rule 60(b) are relevant to our determination of whether the defendant has shown 'good cause'" under Rule 55(c). *Rosty v. Skaj*, 2012 WY 28, ¶¶ 27–28, 272 P.3d 947, 956–57 (Wyo. 2012) (citing *Vanasse v. Ramsay*, 847 P.2d 993, 999 (Wyo. 1993)).  If the defendant "cannot substantiate reasons under Rule 60(b) for setting aside the default judgment, then 'good cause' also does not exist to set aside the entry of default under Rule 55(c)." *Id.* (quoting *Vanasse*, 847 P.2d at 999) (citing *M & A Constr. Corp. v. Akzo Nobel Coatings, Inc.*, 936 P.2d 451, 454–55 (Wyo. 1997)).

[¶30]   We apply the same standard of review—abuse of discretion—to the denial of a motion to set aside entry of default as we do to the denial of a motion to set aside default judgment: "Decisions resolving motions for setting aside the entry of default or a default judgment are made in the exercise of sound discretion by the trial court." *Rosty*, ¶ 27, 272 P.3d at 956–57 (quoting *Fluor Daniel (NPOSR), Inc. v. Seward*, 956 P.2d 1131, 1134 (Wyo. 1998)); *see also Moran v. Meadowlark Acad. Inc.*, 2026 WY 62, ¶ 14, 590 P.3d 1211, 1216 (Wyo. 2026) ("We review a district court's determination as to whether good cause exists to set aside an entry of default for an abuse of discretion." (citations omitted)); *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 10, 331 P.3d 1199, 1201 (Wyo. 2014) (Our review of a district court's decision to deny a motion to set aside a default judgment is limited to a determination of whether the trial court abused its discretion.).  "We will not disturb the exercise of that discretion unless the appellant demonstrates that the trial court abused it and was clearly wrong." *Hopeful*, ¶ 61, 528 P.3d at 432 (citations omitted).

[¶31]   Mr. Lopez contends the district court erred when it denied his motion to set aside the default judgment because he established "mistake, inadvertence, surprise, or excusable neglect" under W.R.C.P. 60(b)(1) and because setting aside the default was justified under W.R.C.P. 60(b)(6), which allows for setting aside a default for "any other reason justifying relief" from the operation of the judgment.

[¶32]   Both of Mr. Lopez's arguments rest largely on his contention that he was not properly served.[2]  In support of his position that the district court erred when it did not set

---

[2] For example, Mr. Lopez argues the lack of actual notice created an "unusual circumstance" justifying setting aside the default.  He also contends that because he was "unaware of this matter" until Ms. Ritter notified his insurance carrier of the default judgment, he was "not afforded the opportunity [to] defend," which was "by [its] very nature a surprise" entitling him to relief under W.R.C.P. 60(b)(1).

aside the default judgment under Rule 60(b)(1), he states that "because [he] was not properly served" he was not able to engage in meaningful discovery and had he "been properly served, he could have asserted liability defenses, including but not limited to a comparative fault," and "damages defenses, including but not limited to a pro rata liability defense . . . ." He emphasizes that he was not culpable because he had no notice of the complaint and asserts his failure to answer the complaint was "excusable neglect because he was never served . . . ."

[¶33] As we discussed above, *supra* ¶¶ 15–21, service of process complied with the nonresident motorist statute. Consequently, any claim for relief founded on the proposition that Mr. Lopez was not properly served is unavailing. *See Rosty*, ¶ 31, 272 P.3d at 957–58 (where appellant failed to establish service was invalid, his argument that default should have been set aside based on faulty service failed); *Lykins v. Habitat for Human.*, 2010 WY 118, ¶ 13, 237 P.3d 405, 409 (Wyo. 2010) (finding no abuse of discretion when district court denied motion to set aside default because defendants "failed to prove that they were not properly served").

[¶34] Mr. Lopez also presented argument that the district court abused its discretion in denying his motion to set aside the default because this Court prefers matters be decided on their merits and since the district court granted Ms. Ritter's Rule 60 motion, it should also grant his Rule 60 motion.

[¶35] It is true that this Court has expressed a preference to resolve matters on their merits. In *McGarvin-Moberly Constr. Co. v. Welden*, we stated:

> [A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.
>
> *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983) (citations omitted).
>
> The provision in the rules for default judgment encourages diligence on the part of the parties and encourages them to hear and argue the case on the merits. We prefer decisions on the merits when the rules justify avoiding default. *Claassen v. Nord*, 756 P.2d 189 (Wyo. 1988).

13

*McGarvin-Moberly Constr. Co. v. Welden*, 897 P.2d 1310, 1314 (Wyo. 1995). Mr. Lopez has cited no case, and we can find none, that reverses a district court's exercise of discretion to deny a motion to set aside a default merely because a decision on the merits is preferred. We decline to do so here.

[¶36] Finally, the notion that a court should grant one party's motion just because it granted another party's motion is unsupported by the law. We decline to consider it further.

### *CONCLUSION*

[¶37] Mr. Lopez waived the question of whether service under Wyo. Stat. Ann. § 1-6-301 violated due process. Ms. Ritter satisfied the due diligence requirement to perfect service under Wyo. Stat. Ann. § 1-6-301 and the district court had personal jurisdiction over Mr. Lopez when it granted default judgment to Ms. Ritter. This Court lacks jurisdiction over the question of whether the district court erred when it granted Ms. Ritter's Rule 60 motion and reinstated this case after it was dismissed without prejudice. Finally, the district court did not abuse its discretion when it denied Mr. Lopez's Rule 60 motion. We affirm.